**UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith                                                                                                   For rules and forms visit
Clerk of Court                                                                                                   www.ca11.uscourts.gov

July 23, 2024

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 23-12759-HH
Case Style: Stephen Davis v. Orange County
District Court Docket No: 6:22-cv-02222-PGB-EJK

Opinion Issued
Enclosed is a copy of the Court's decision issued today in this case. Judgment has been entered today pursuant to FRAP 36. The Court's mandate will issue at a later date pursuant to FRAP 41(b).

Petitions for Rehearing
The time for filing a petition for panel rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing is timely only if received in the clerk's office within the time specified in the rules. **A petition for rehearing must include a Certificate of Interested Persons and a copy of the opinion sought to be reheard.** See 11th Cir. R. 35-5(k) and 40-1.

Costs
Each party to bear its own costs.

Bill of Costs
If costs are taxed, please use the most recent version of the Bill of Costs form available on the Court's website at www.ca11.uscourts.gov. For more information regarding costs, see FRAP 39 and 11th Cir. R. 39-1.

Attorney's Fees
The time to file and required documentation for an application for attorney's fees and any objection to the application are governed by 11th Cir. R. 39-2 and 39-3.

Appointed Counsel
Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation via the eVoucher system no later than 45 days after issuance of the mandate or the filing of a petition for writ of certiorari. Please contact the CJA Team at (404) 335-6167 or

cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

<u>Clerk's Office Phone Numbers</u>

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion

[DO NOT PUBLISH]

# In the
# United States Court of Appeals
# For the Eleventh Circuit

_____

No. 23-12759

Non-Argument Calendar

_____

STEPHEN M. DAVIS,

                        Plaintiff-Appellant,

*versus*

ORANGE COUNTY,

                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:22-cv-02222-PGB-EJK

Case 6:22-cv-02222-PGB-UAM   Document 31   Filed 07/23/24   Page 4 of 12 PageID 459
USCA11 Case: 23-12759   Document: 41-1   Date Filed: 07/23/2024   Page: 2 of 10

2                Opinion of the Court                 23-12759

_____

Before ROSENBAUM, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Stephen Davis, a former Orange County Fire and Rescue Department battalion chief, filed this lawsuit against Orange County after the County terminated his employment for disobeying a supervisor's order. Davis alleged that the County retaliated against him in violation of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990 ("ADA"), and the Florida Civil Rights Act ("FCRA") when he opposed the County's order to issue written reprimands to unvaccinated firefighters during the COVID-19 pandemic. The district court dismissed the retaliation claims, concluding that he failed to state a claim for relief. After careful consideration, we vacate the district court's judgment and remand for further proceedings.

## I.   BACKGROUND

Before his termination, Davis served in the Orange County Fire and Rescue Department as a battalion chief. As a battalion chief, he oversaw six fire and rescue stations and over 50 employees. His job responsibilities included issuing discipline up to the level of written reprimands.

Three months before Davis's firing, the County declared a state of emergency due to the COVID-19 pandemic and mandated that all County employees receive a COVID-19 vaccine. After issuing the mandate, the County began negotiations with labor unions

Case 6:22-cv-02222-PGB-UAM    Document 31    Filed 07/23/24    Page 5 of 12 PageID 460
USCA11 Case: 23-12759    Document: 41-1    Date Filed: 07/23/2024    Page: 3 of 10

23-12759                Opinion of the Court                3

to address medical and religious exemptions for County employees who refused to receive the COVID-19 vaccine. Davis submitted a personal religious exemption request.

The County reached an agreement with the labor unions providing, in part, that unvaccinated employees would be subject to weekly COVID-19 testing. Further, unvaccinated employees who failed to submit a timely exemption request "would receive one written discipline in their employee file with 'no further disciplinary action.'" Doc. 1-1 at 6.[1] Under the agreement, this written reprimand could "not be considered or used in the bargaining unit member's performance evaluation" by the County. *Id.* (internal quotation marks omitted). Only unvaccinated employees who refused to participate in weekly COVID-19 testing were subject to discipline beyond the written reprimand. The agreement made battalion chiefs, like Davis, responsible for issuing the written reprimands to unvaccinated employees without exemptions.

On the same day the agreement went into effect, Davis joined other County employees in filing suit against the County to protest the vaccine mandate. A few days later, Davis received the names of unvaccinated firefighters due to be reprimanded for failing to submit an exemption to the County. Davis believed that some of the listed individuals had properly submitted exemptions and that issuing them written reprimands would be "a violation of state and federal laws." *Id.* at 7. Because he received the written

---

[1] "Doc." numbers refer to district court docket entries.

Case 6:22-cv-02222-PGB-UAM   Document 31   Filed 07/23/24   Page 6 of 12 PageID 461
USCA11 Case: 23-12759   Document: 41-1   Date Filed: 07/23/2024   Page: 4 of 10

4                  Opinion of the Court                  23-12759

reprimand list after business hours, he was unable to verify the list with the human resources office, so he called Assistant Chief Kimberly Buffkin about the perceived discrepancies. Davis informed Buffkin of his concerns about the list's accuracy and his belief that the County fire and rescue rules and regulations obligated him to disregard orders that violated state or federal law.

In an email to Buffkin that same evening, Davis expressed that "[h]e would not comply with the order to issue discipline" unless the County verified the list and that "he considered the entirety of the vaccine mandate unlawful." *Id.* at 9. Shortly after Davis sent the email, Davis and Buffkin met in person. Buffkin ordered Davis "to issue the reprimands, without acknowledging or verifying if his concerns were correct." *Id.* at 10. When Davis refused to comply with the order, Buffkin relieved him from duty. The next day, the County clarified that battalion chiefs should check with the human resources office to determine the distributed list's accuracy before issuing written reprimands. After a disciplinary hearing, the County terminated Davis for insubordination.

Following his termination, Davis sued the County in Florida state court for allegedly violating the Florida Whistleblower Act. He later amended his complaint to add a breach of contract claim and three statutory retaliation claims. The retaliation claims alleged violations of Title VII, 42 U.S.C. § 2000e-3(a); the ADA, 42 U.S.C. § 12203(a); and the FCRA, Fla. Stat. § 760.10(7); respectively. Following Davis's amendment, the County removed the case to federal district court.

Case 6:22-cv-02222-PGB-UAM   Document 31   Filed 07/23/24   Page 7 of 12 PageID 462
USCA11 Case: 23-12759   Document: 41-1   Date Filed: 07/23/2024   Page: 5 of 10

23-12759               Opinion of the Court                5

After removal, the County moved to dismiss Davis's amended complaint for failure to state a claim. In his memorandum opposing the County's motion to dismiss, Davis contended that he had sufficiently alleged each claim, but in the alternative, he "request[ed] the right to amend his pleading" if the district court "deem[ed] any aspect of [his] claims insufficient to meet [the] Rule 12(b)(6) pleading standard." Doc. 20 at 19.

The district court dismissed Davis's retaliation claims with prejudice. Addressing the three retaliation claims, the district court deemed Davis to be proceeding under an opposition theory. Under this theory, to show that he was engaged in "protected activity," a plaintiff must allege that he held a reasonable belief that he was opposing conduct made unlawful under the relevant discrimination statute. The district court concluded that Davis failed to state a prima facie case of retaliation under any of the statutes he cited because his subjective belief that the written reprimands constituted discrimination under the statutes was unreasonable on its face. The district court reasoned that the dispositive flaw causing all three retaliation claims to fail was that, under controlling precedent, a showing of discrimination under the statutes required a serious and material change in the employees' terms, conditions, and privileges of employment. The district court concluded no reasonable person could believe the written reprimands constituted serious and material changes to the firefighters' employment because they had no effect on their employment at all. Therefore, Davis failed to sufficiently plead the retaliation claims' "protected

Case 6:22-cv-02222-PGB-UAM   Document 31   Filed 07/23/24   Page 8 of 12 PageID 463
USCA11 Case: 23-12759   Document: 41-1   Date Filed: 07/23/2024   Page: 6 of 10

6                Opinion of the Court                23-12759

activity" elements. The district court also dismissed Davis's whistleblower and breach of contract claims.[2]

This is Davis's appeal.

## II.  STANDARD OF REVIEW

This Court reviews *de novo* "a district court's dismissal of a complaint with prejudice for failure to state a claim," "accept[ing] the factual allegations in the complaint as true, [and] construing them in the light most favorable to the plaintiff." *Quality Auto Painting Ctr. of Roselle, Inc. v. State Farm Indem. Co.*, 917 F.3d 1249, 1260 (11th Cir. 2019) (en banc). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

## III.  DISCUSSION

We begin by considering Davis's argument that the district court erred when it dismissed his Title VII retaliation claim. This case requires us to consider two Title VII provisions that provide interwoven, but not identical, protections to employees. First, Title VII's retaliation provision makes it unlawful for a covered employer to retaliate against an employee because the employee "opposed any practice made an unlawful employment practice" by Title VII. 42 U.S.C. § 2000e-3(a). To establish a prima facie case that

---

[2] Because Davis does not challenge the dismissal of his whistleblower and breach of contract claims on appeal, we discuss them no further.

Case 6:22-cv-02222-PGB-UAM   Document 31   Filed 07/23/24   Page 9 of 12 PageID 464
USCA11 Case: 23-12759   Document: 41-1   Date Filed: 07/23/2024   Page: 7 of 10

23-12759                Opinion of the Court                 7

an employer engaged in unlawful retaliation under Title VII, a plaintiff must show "(1) that he engaged in statutorily protected activity; (2) that he suffered adverse employment action; and (3) that the adverse employment action was causally related to the protected activity." *Harper v. Blockbuster Ent. Corp.*, 139 F.3d 1385, 1388 (11th Cir. 1998). The County concedes that Davis's firing constitutes an adverse employment action.

The narrow issue before us in this case is whether Davis engaged in statutorily protected activity when he opposed the County's order to issue the written reprimands. We have previously held that "[a] plaintiff engages in statutorily protected activity when he or she protests an employer's conduct which is actually lawful, so long as he or she demonstrates a good faith, *reasonable belief* that the employer was engaged in unlawful employment practices." *Id.* (emphasis added) (internal quotation marks omitted). The County argues that Davis's belief that it was engaged in unlawful employment practices, or discrimination, was unreasonable. To determine whether Davis alleged an objectively reasonable belief that the County was discriminating against the firefighters designated to receive the written reprimands, we turn to the next Title VII provision—the substantive discrimination provision—that serves as the basis for a Title VII retaliation claim.

Title VII's discrimination provision makes it unlawful for an employer to discriminate against an employee "with respect to his compensation, terms, conditions, or privileges of employment" due to the employee's membership in a protected class. 42 U.S.C.

Case 6:22-cv-02222-PGB-UAM   Document 31   Filed 07/23/24   Page 10 of 12 PageID 465
USCA11 Case: 23-12759   Document: 41-1   Date Filed: 07/23/2024   Page: 8 of 10

8                    Opinion of the Court                    23-12759

§ 2000e-2(a)(1).[3] An employer's discriminatory act must rise to the level of an "adverse employment action" to fall under Title VII's prohibitions. *Howard v. Walgreen Co.*, 605 F.3d 1239, 1245 (11th Cir. 2010) ("A discrimination claim under Title VII requires an adverse employment action.").

We have previously held that an adverse employment action is "a serious and material change in the terms, conditions, or privileges of employment." *Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 921 (11th Cir. 2018) (emphasis omitted) (internal quotation marks omitted). In considering whether Davis stated a claim for relief, the district court applied this standard by asking whether a reasonable person would believe the written reprimands Davis was told to administer to be a "material and serious employment disadvantage on the employees in question." Doc. 27 at 18.

But during the pendency of this appeal, the Supreme Court decided *Muldrow v. City of St. Louis*, 144 S. Ct. 967 (2024), in which it clarified a plaintiff's required showing for an adverse employment action under the anti-discrimination provision of Title VII. The Supreme Court explained that a plaintiff "need show only some injury respecting her employment terms or conditions," or,

---

[3] Title VII contains separate provisions protecting employees from discrimination in the distinct contexts of individual employment decisions and generally applicable policies. *See Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 923 (11th Cir. 2018) (explaining the clauses' differences). Davis does not expressly indicate which provision he believes is applicable here, but he does reference the individual employment decision provision, 42 U.S.C. § 2000e-2(a)(1), in his reply brief. Therefore, we proceed in our analysis under this provision.

Case 6:22-cv-02222-PGB-UAM  Document 31  Filed 07/23/24  Page 11 of 12 PageID 466
USCA11 Case: 23-12759  Document: 41-1  Date Filed: 07/23/2024  Page: 9 of 10

23-12759               Opinion of the Court                9

in other words, a "disadvantageous change in an employment term or condition." *Id.* at 974, 977 (internal quotation marks omitted). But an injury need not constitute significant, serious, or substantial harm to suffice under the statute. *Id.* at 974. Thus, Davis does not need to meet our higher pre-*Muldrow* standard to make out a claim for retaliation under Title VII.

Because the district court did not have the benefit of the Supreme Court's decision in *Muldrow* when it decided the County's motion to dismiss, we vacate the district court's dismissal of the Title VII claim and remand to allow the district court to determine, in the first instance, whether Davis has stated a plausible claim under the more lenient *Muldrow* standard. We leave to the district court's discretion whether to allow supplemental submissions from the parties on *Muldrow*'s impact.

The same is true for Davis's ADA and FCRA retaliation claims because we use the same framework to evaluate Title VII, ADA, and FCRA claims. *See Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1287 (11th Cir. 1997) ("[W]e assess ADA retaliation claims under the same framework we employ for retaliation claims arising under Title VII."); *Harper*, 139 F.3d at 1389 (explaining that "decisions construing Title VII guide the analysis of claims under the [FCRA]"). Thus, we vacate the district court's

Case 6:22-cv-02222-PGB-UAM   Document 31   Filed 07/23/24   Page 12 of 12 PageID 467
USCA11 Case: 23-12759   Document: 41-1   Date Filed: 07/23/2024   Page: 10 of 10

10                    Opinion of the Court                    23-12759

dismissal order as to the Title VII, ADA, and FCRA claims and remand for the district court to reassess those claims considering *Muldrow*.[4]

### IV.  CONCLUSION

The district court's order granting the County's motion to dismiss Davis's retaliation claims is **VACATED and REMANDED**.

---

[4] Davis also argues on appeal that the district court erred when it dismissed his retaliation claims with prejudice without giving him the opportunity to amend his complaint. Because we vacate the district court's order dismissing the retaliation claims and remand for further proceedings, we need not reach the issue whether the district court should have given Davis an opportunity to amend his complaint.