# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

February 13, 2026

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 25-11434-EE
Case Style: Stephen Davis v. Orange County
District Court Docket No: 6:22-cv-02222-PGB-UAM

Opinion Issued
Enclosed is a copy of the Court's decision issued today in this case. Judgment has been entered today pursuant to FRAP 36. The Court's mandate will issue at a later date pursuant to FRAP 41(b).

Petitions for Rehearing
The time for filing a petition for panel rehearing or rehearing en banc is governed by 11th Cir. R. 40-2. Please see FRAP 40 and the accompanying circuit rules for information concerning petitions for rehearing.

Costs
Costs are taxed against Appellant(s) / Petitioner(s).

Bill of Costs
If costs are taxed, please use the most recent version of the Bill of Costs form available on the Court's website at www.ca11.uscourts.gov. For more information regarding costs, see FRAP 39 and 11th Cir. R. 39-1.

Attorney's Fees
The time to file and required documentation for an application for attorney's fees and any objection to the application are governed by 11th Cir. R. 39-2 and 39-3.

Appointed Counsel
Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation via the eVoucher system no later than 45 days after issuance of the mandate or the filing of a petition for writ of certiorari. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

<u>Clerk's Office Phone Numbers</u>

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion

NOT FOR PUBLICATION

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-11434
Non-Argument Calendar
_____

STEPHEN M. DAVIS,

                                                       *Plaintiff-Appellant,*

versus

ORANGE COUNTY,

                                                        *Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:22-cv-02222-PGB-UAM
_____

Before JILL PRYOR, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

      Stephen Davis appeals from the district court's order dismissing with prejudice his employment-discrimination claims brought under Title VII of the Civil Rights Act of 1964 (Title VII),

Case 6:22-cv-02222-PGB-UAM   Document 43   Filed 02/13/26   Page 4 of 9 PageID 525
USCA11 Case: 25-11434   Document: 21-1   Date Filed: 02/13/2026   Page: 2 of 7

2                Opinion of the Court                25-11434

the Americans with Disabilities Act (ADA), and the Florida Civil Rights Act (FCRA). He asserts that the district court erred in dismissing his first amended complaint because he engaged in statutorily protected activity under Title VII, the ADA, and the FCRA by opposing Orange County's purportedly unlawful COVID-19 vaccination policy. He also argues that the district court abused its discretion by denying him leave to file an amended complaint.

After careful review, we conclude that Davis did not engage in statutorily protected activity and that the district court did not abuse its discretion by denying him leave to amend. Accordingly, we affirm the district court's judgment.

# I

## A

We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6), "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff's claim to relief must be "plausible on its face," that is, the complaint's factual content must allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*.

25-11434               Opinion of the Court                3

Title VII, the ADA, and the FCRA contain similar anti-retaliation provisions. Each prohibits discrimination against an employee who has opposed a practice that the statute makes illegal. 42 U.S.C. § 2000e-3(a) (Title VII); 42 U.S.C. § 12203(a) (ADA); Fla. Stat. § 760.10(7) (FCRA). Title VII's framework for analyzing retaliation claims also governs claims brought under the ADA and FCRA. *See Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1287 (11th Cir. 1997) ("[W]e assess ADA retaliation claims under the same framework we employ for retaliation claims arising under Title VII."); *Harper v. Blockbuster Ent. Corp.*, 139 F.3d 1385, 1389 (11th Cir. 1998) ("[D]ecisions construing Title VII guide the analysis of claims under the Florida Civil Rights Act.").

A plaintiff must demonstrate three things to make out a prima facie case of retaliation under Title VII: "(1) that he engaged in statutorily protected activity; (2) that he suffered adverse employment action; and (3) that the adverse employment action was causally related to the protected activity." *Harper*, 139 F.3d at 1388. It is undisputed that Davis's termination was an adverse employment action caused by his refusal to issue reprimands for violations of the department's COVID-19 policy, so this case comes down to whether that refusal was protected activity.

As explained above, Title VII's "opposition clause" shields an employee from retaliation for opposing an employer's conduct that's unlawful under Title VII. *See* 42 U.S.C. § 2000e-3(a). The clause also applies "when [an employee] protests an employer's

conduct which is actually lawful, so long as [the employee] demonstrates a good faith, reasonable belief" that the employer's conduct violated Title VII. *Harper*, 139 F.3d at 1388 (citation modified). For a belief to be reasonable, it must be "*objectively* reasonable"—a subjective belief that an employer was acting illegally isn't enough. *Id.* (emphasis added). We measure the reasonableness of an employee's belief that his employer violated Title VII against existing substantive law. *Clover v. Total Sys. Servs., Inc.*, 176 F.3d 1346, 1351 (11th Cir. 1999).

Here, Davis asserts that he believed the reprimands he was ordered to issue violated Title VII's anti-discrimination provision. That belief wasn't objectively reasonable.

For an employer's action to violate Title VII's anti-discrimination provision, it must cause "some disadvantageous change in an employment term or condition." *Muldrow v. City of St. Louis*, 601 U.S. 346, 354 (2024) (citation modified). The harm doesn't have to be "significant," "serious," or "substantial," but it must be concrete—a Title VII discrimination claim requires the plaintiff to "show some harm respecting an identifiable term or condition of employment." *Id.* at 355.

This adverse-action requirement is a problem for Davis's retaliation claim, because he hasn't pleaded facts that support an objectively reasonable belief that the reprimands would adversely impact recipients' terms or conditions of employment. The memorandum of understanding between the union representing Orange County firefighters and the county stated that the reprimands

Case 6:22-cv-02222-PGB-UAM   Document 43   Filed 02/13/26   Page 7 of 9 PageID 528
USCA11 Case: 25-11434   Document: 21-1   Date Filed: 02/13/2026   Page: 5 of 7

25-11434                Opinion of the Court                5

could not be considered or used in a union member's performance evaluation, and that no further disciplinary action could be taken against employees who didn't file a timely vaccination certificate or exemption request. In other words, the reprimands were toothless—they themselves didn't rise to the level of an adverse employment action, and a future adverse employment action couldn't be based on them. So Davis has failed to allege an objectively reasonable belief that a written reprimand—that by its own terms could not impact the terms or conditions of a firefighter's employment—would disadvantage, harm, or make "worse off" his subordinates' employment in any way. *Muldrow*, 601 U.S. at 354, 359. And that's fatal to his retaliation claim. *See Harper*, 139 F.3d at 1388.

Because Davis's ADA and FCRA claims are also governed by this analysis, they fail for the same reasons.

## B

Beyond arguing that opposing the reprimands was protected activity under Title VII, Davis advances two theories of why his retaliation claim should prevail. First, he contends that he was fired for protecting employees' religious-freedom rights secured by the First Amendment's Free Exercise Clause. Second, he claims that the opposition for which he was disciplined wasn't only to the reprimands, but also to a hostile work environment related to the vaccine policy.

We have "repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court." *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d

Case 6:22-cv-02222-PGB-UAM    Document 43    Filed 02/13/26    Page 8 of 9 PageID 529
USCA11 Case: 25-11434    Document: 21-1    Date Filed: 02/13/2026    Page: 6 of 7

6                           Opinion of the Court                    25-11434

1324, 1331 (11th Cir. 2004) (citation modified). Davis didn't properly present a First Amendment claim or hostile-work-environment theory in his first amended complaint. Nor were these theories of liability presented in his objection to Orange County's motion to dismiss or his supplemental briefing to the district court on remand. So we won't consider them on appeal.

★    ★    ★

In sum, because Davis hasn't made a plausible case that he reasonably believed that the reprimands were unlawful under Title VII, the ADA, and the FCRA, we hold that the district court correctly dismissed his retaliation claims.

## II

We review for abuse of discretion a district court's denial of a request for leave to amend. *Rosenberg v. Gould*, 554 F.3d 962, 965 (11th Cir. 2009). "Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." *Id.* at 967 (citation modified). Additionally, when a plaintiff moves for leave to amend his complaint, the plaintiff must comply with Federal Rule of Civil Procedure 7(b) by attaching a copy of the proposed amendment or describing the substance of the proposed amendment. *Id.*

Here, Davis's request for leave to amend was embedded in his response to Orange County's motion to dismiss and his supplemental brief. Moreover, Davis failed to comply with Rule 7(b) because he did not attach a copy of his proposed amendment, nor did he describe its substance to the district court. *Id.*; Fed. R. Civ. P.

Case 6:22-cv-02222-PGB-UAM    Document 43    Filed 02/13/26    Page 9 of 9 PageID 530
USCA11 Case: 25-11434    Document: 21-1    Date Filed: 02/13/2026    Page: 7 of 7

25-11434              Opinion of the Court                    7

7(b). So the district court didn't abuse its discretion by denying his procedurally improper request.

* * *

One final thing: We are displeased by Davis's counsel's unprofessional attack on the district court. She implies that the district court's decision was driven not by a sober evaluation of the law but by anti-Christian bias. *See* Appellant's Br. at 29 ("If Davis had resisted issuing written reprimands to the Muslim and Hindu employees, and then was fired due to his stance, then his lawsuit would undoubtedly succeed."). A lawyer is of course entitled to disagree (even vehemently) with a district court's decision; she may not baselessly claim that the court acted discriminatorily or in bad faith. Counsel should not make the same mistake again.

**AFFIRMED.**